**IVAN RENE MOORE**
**20929 VENTURA BLVD, # 47**
**WOODLAND HILLS, CA  91364**
**818-478-9377**
*Debtor in Possession*
*In Pro Se*

**FILED**

DEC 2 6 2018

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: ____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA-SAN FERNANDO VALLEY DIVISION

|  |  |
|---|---|
| In Re:  Ivan Rene Moore | ) Bankruptcy Case No.: 1:17-bk-12071-MB |
|  | ) |
|  | ) **Chapter 11** |
|  | ) |
|  | ) **Assigned to HON. MARTIN R. BARASH** |
|  | ) |
|  | ) **DEBTOR IN POSSESSION  IVAN RENE** |
|  | ) **MOORE'S OPPOSITION TO MOTION** |
|  | ) **OF WELLS FARGO BANK, N.A. TO** |
|  | ) **CONVERT BANKRUPTCY CASE FROM** |
|  | ) **CHAPTER 11 TO CHAPTER 7** |
|  | ) **DECLARATIONS IN OPPOSITION TO** |
|  | ) **WELLS FARGO MOTION TO CONVERT** |
|  | ) |

**Date:  1/8/2019**
**Time:  1:30**
**Place:  N/A**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN**:

Ivan Rene Moore, the debtor in possession in this action, strenuously objects to the motion of Wells Fargo Bank, N.A.'s Motion to Convert Bankruptcy Case from Chapter 11 to Chapter 7.

1

Wells Fargo has not met its burden in its Motion and Wells Fargo's behavior in this action has impaired the Debtor's ability to move forward with his Plan.  Wells Fargo has misrepresented matters and facts to this court.   The Debtor has complied with his requirements and has filed all of his Monthly Operating Reports and his Plan or will file all MOR reports prior to this hearing.

This debtor has not been taking his obligations lightly or on vacation regarding these matters. This debtor has been personally filing and answering over 7 various 9th Circuit Appeal and California State Court appeals. This debtor has also been involved in State Court motion hearings as well as State court trials. This Debtor has also been with working with various investors, bankers and doing due diligent in various opportunities to assist this estate in its reorganization. There is just cause to give this debtor and this estate the opportunity which can and will be shown in the debtors plan is in full force and effect and will be confirmed by this Honorable Court.  This debtor is filing motion to start discovery on the Lerner defendant to obtain the judgment that exceed five million dollars.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.   INTRODUCTION

Wells Fargo bad faith scheme continues, Well Fargo ongoing unlawful scheme to thwart the effective reorganization of this estate is in full play. Wells Fargo and Bragg are still holding millions of dollars estate property and other property that has not been accounted for or returned based on the order from the Los Angeles Superior Court. In addition to the issue regarding this Property is still on appeal with the California Court of Appeal Moore v Bragg B272445 and has been for some time many years due to the stalling tactics of Bragg in conspiracy with Wells Fargo to delay the appeal process.

Wells Fargo is attempting to have this court rule on issues that are presently pending before the California Court of Appeal Second District Division (1).

This Court should be aware that after 6 months of extensions requested by Bragg at the California Court of Appeal case B272445. Bragg willful failed to file a reply brief in that appeal. Therefore Bragg has forever waived any and all arguments regarding those issues. The issues presently are before the California Court of Appeal regarding certain assets unlawful in the possession of Wells Fargo and Bragg and real property valued in the millions of dollars that will also assist this estate.   Part of the reason this Debtor is in bankruptcy is due to the fraud and cunning bad faith of Wells Fargo Bank , N.A., Bragg and others.

This information provided should not and must not fall on deaf ears and certainly this Court is aware that no business entity in the United States of America has had to pay more fines for fraud than this very entity Wells Fargo Bank. Wells Fargo has paid millions in televisions campaigns to clear up its image. Yet more fraud is being uncovered daily against Wells Fargo in their ongoing scheme of fraud.

According to the Wall Street Journal, the " United States Justice Department Probing Wells Fargo's Wholesale Banking Unit   Probe focuses on potential employee fraud related to altering client documents. "  This article was published on line December 13m 2018. This is what Mr. Moore has been alleging and has alleged in his adversarial action.   Wells Fargo used altered and frauded documents to obtain the Judgment they obtained. They lied to the US District Court in Wisconsin, as Mr. Moore has said.  Now they are under another UDDOJ investigation for doing what Mr. Moore alleges.

Also per another USDOJ release "U.S. Trustee Program Reaches $81.6 Million Settlement

with Wells Fargo Bank N.A. to Protect Homeowners in Bankruptcy;  The New York Times in

2018 reported "Wells Fargo Accused of Harming Fraud Victims by Closing Accounts".

Bloomberg reported "On Thursday, these illegal banking practices cost Wells Fargo $185 million

in fines, including a $100 million penalty from the Consumer Financial Protection Bureau, the

largest such penalty the agency has issued."  CNN Money reported in April 2018" Wells Fargo

fined $1 billion for insurance and mortgage abuses" )  There are many more fines and actions

levied against this immoral and criminal enterprise.  It has been reported that they duped US

Veterans by charging them more for certain insurances.   One wonders why these criminals are not

in jail.

Ivan Rene Moore is just another one of their victims, as they see it.  They obtained a

fraudulent Judgement procured by Fraud against this debtor in Milwaukee, Wisconsin, the place

where the so called pledged assets were located.  After they took those assets in Wisconsin,  they

they conspired and colluded with a known adversary of this Debtor, Kimberly Martin-Bragg to

steal the property of others and Mr. Moore's, and defrauded the US District Court Central District

and the US Bankruptcy Court Central District. This issues are being address at the California

Court of Appeal Moore v Bragg B272445. This debtor has already prevailed against Bragg's

Appeal with the California Court of Appeal Bragg v Moore B276366. In this appeal it shows the

fraud of Bragg. **(See Exhibit A)**

The other now pending appeal with the California Court of Appeal Moore v Bragg

B272445. This Appeal will in fact cause the reversal of the Wells Fargo Wisconsin Judgement and

the willful Fraud committed by Bragg and Wells Fargo. This Court is well aware that any

judgment procured by fraud is **VOID**.

1    This debtor is entitled to the benefit of the doubt given the many success on appeal,

2  including but not limited to this debtor prevailing in many cases and also making California case

3  law against Bragg in Martin Bragg v Moore 219 Cal App 4th 367 as a pro per appellant. This

4  debtor have had many reversal's in this debtors favor by the various Appeal Court both federal and

5  State on the law.

6

7    The debtor will and justice will prevail against Wells Fargo and others unlawful fraudulent

8  misconduct. The debtor attempted to resolve all the issues with Wells Fargo they decided to ignore

9  and keep litigating going for more and more billable hours which is further bad faith of Wells

10  Fargo.

11

12    They do this by lying and willful misrepresentations to various Courts in various litigations

13  as a District Court in New York has found.  And they do this by colluding and conspiring with

14  another known liar, Kimberly Martin-Bragg. As found by a Los Angeles Superior Court Jury in

15  case Moore v Bragg case BC480013.  They do this by colluding with the defendants in the

16  Milwaukee adversarial case.

17

18    The debtor has brought an action against them for this fraud to be adjudicated in the Los

19  Angeles Superior Court.  This is not the act of a vexatious person.   This is the act of a litigant

20  trying to marshal assets to pay his debts and a debtor that does and will in fact prevailed. In an

21  effort to protect his rights and his creditors from losing any funds lawfully due to the creditors of

22  this estate.

23

24    This debtor has a viable plan of reorganization that will bring millions of dollars to this

25  estate. Any reasonable person would not want to interfere with this reorganization unless their

26  motives were not honorable and their motives have clandestine intent.

27

28

1    The questions are simple what motive does Wells Fargo have to help the estate or harm the

2    estate and the other creditors. It is clear Wells Fargo wants to harm this debtor and this estate and

3    the other creditors.

4

5    **The Wells Fargo judgment was procured by fraud**. Wells Fargo the bad faith creditor

6    will not prevail and Justice will in fact prevail in the favor of this debtor and this estate, Moore

7    and the lawful legal creditors of this estate.

8

9    This Court should also be aware that the Judgment from the Lerners is presently at over

10    $5,717,355.00. the creditor Hills who owns this judgment has agreed to allow this debtor to use

11    this judgment to reorganize this estate. This will further assist this debtor plan of reorganization of

12    this estate.**(See Exhibit B), (Exhibit C)**

13

14    This Court should also be aware that this debtor has prevailed in 2 jury trial against the

15    Lerner defendants and at the California Court of Appeal Moore v Lerner B193358 **(See Exhibit**

16    **D)**

17

18    There is also another pending appeal that has been fully briefed and the parties are waiting

19    for oral argument. Again the facts and the law are on this debtor side. This appeal will bring

20    additional income to this estate case Moore v Lerner California Court of Appeal Second District

21    Division (3) B275354. These Lerner defendants trust at trial was valued over $30,000,000 plus

22    therefore collection of the various judgments is not an issue, given the corporation and agreement

23    of the creditor Hills. This information was provided at both of the Jury trials in Moore v Lerner

24    BC297994.

25

26    //

27

28    //

## A. WELLS FARGO HAS NOT MET ITS BURDEN TO CONVERT

11 USC 1112 (b) clearly states:

(1)Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

(2)The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—

(A)there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—

(i)for which there exists a reasonable justification for the act or omission; and

(ii)that will be cured within a reasonable period of time fixed by the court.

Having been declared "vexatious" is not a ground or cause to dismiss or convert a

bankruptcy.  These declarations of vexatious all arise from the loss of Mr. Moore's home and that

order as well as the ownership matter is currently on appeal before the California Court of Appeals

case no B272445 Moore v Bragg.

## B. THE DEBTOR HAS USED HIS BEST EFFORTS TO REORGANIZE HIS DEBTS

The debtor is current on his reporting and has filed his Disclosure Plan with only one

extension. The disclosure plan shows a vast amount of income to fund the plan. One of this

debtors disputed creditors, Wells Fargo Bank, will not participate in any negotiations for the Plan

or any type of settlement talks.  Wells Fargo is certainly not by any means the largest creditor.

Ronald Hills is and there are other creditors including Mr. Hills, who oppose any conversion, as it

would be harmful to them.

They have provided declarations to support the opposition.   It is not in the best interests

of the majority of the creditors to dismiss or convert. Congress enacted the bankruptcy statutes

fundamentally   to give debtors a financial "fresh start" from burdensome debts. The Supreme

Court made this point about the purpose of the bankruptcy law in a 1934 decision.

It gives to the honest but unfortunate debtor…a new opportunity in life and a clear field

for future effort, unhampered by the pressure and discouragement of preexisting debt.   Local

Loan Co. v. Hunt, 292 U.S. 234, 244 (1934).   This goal is accomplished through the bankruptcy

discharge, which releases debtors from personal liability from specific debts and as the courts have

often repeated, the bankruptcy law is to provide relief "to the poor but honest debtor who has tried

his best to pay his creditors but failed." *See In re White*, 63 B.R. 742, 744 (Bankr.N.D. Ill.1986).

In re Rognstad, 121 B.R. 45 ( Bankr. D. Haw) a case cited by Wells Fargo, the debtor had failed to report a $32,000 loan to his wife. That court found" It is appropriate to dismiss a Chapter 11 case for cause if it appears that bad faith is present and dismissal for a lack of good faith is a matter within the Bankruptcy Court's discretion. In re Stolrow's Inc., 84 B.R. 167, 170 (9th Cir. BAP 1988). An important factor in determining the existence of bad faith is whether the Debtors have misrepresented material facts. In re Goeb, 675 F.2d 1386. There is no such allegation here. This case is inapplicable to Mr. Moore.

Likewise the In Re Costa Bonita Beach Resort 513 B.R. 184 case cited by the moving party has no application to Mr. Moore . In that case "Based on the testimony at the 341 meeting, the Debtor failed to disclose numerous details of the debts to insiders and other non-secured creditors, and the new lease arrangement;" (iii) "[u]nder the facts, the Debtor may have a significant cause of action against the Commonwealth of Puerto Rico to recover the use of the most valuable asset of the estate the existing access easement, but Mr. Escribano has failed to do so insisting in a Quixotic quest to win at all cost against DEV, S.E.;" (iv) "Mr. Escribano has violated his fiduciary responsibilities to the estate by breaching his duty of care and loyalty. Pre-petition, while the Debtor was becoming insolvent, rather than curb his excessive withdrawals from the corporation, he took a salary of approximately $600,000, and granting to himself a security interest over furniture and personal property under his control;"

"Based on the testimony at the 341 meeting, the Debtor failed to disclose numerous details of the debts to insiders and other non-secured creditors, and the new lease arrangement;" (iii) "[u]nder the facts, the Debtor may have a significant cause of action against the Commonwealth of Puerto Rico to recover the use of the most valuable asset of the estate the existing access easement, but Mr. Escribano has failed to do so insisting in a Quixotic quest to win at all cost against DEV,

1   S.E.:" (iv) "Mr. Escribano has violated his fiduciary responsibilities to the estate by breaching his

2   duty of care and loyalty. Pre-petition, while the Debtor was becoming insolvent, rather than curb

3   his excessive withdrawals from the corporation, he took a salary of approximately $600,000, and

4   granting to himself a security interest over furniture and personal property under his control;"

5   This is hardly analogous to Mr. Moore's case.

6

7       Mr. Moore has met with each and every order and obligation in his case.  He is unable to

8   pay a sanction at this moment, but hopes to address that soon.  He has filed all of his MORs and

9   filed his Disclosure Plan.  He has been thwarted by the continuing sham put on by Wells Fargo.

10  The  moving party has shown no reason why Mr. Moore should be deprived of his reorganization.

11  Paying his creditors what he can, is the only reason Mr. Moore is here.

12

13          **D.  CONVERSION IS NOT IN THE BEST INTEREST OF THE CREDITORS**

14

15  Section 1112(b)(2) of the Bankruptcy Code provides, in relevant part, that the

16  court *may not* dismiss or convert the case if the court specifically identifies unusual

17  circumstances establishing that dismissal or conversion is not in the best interests of creditors

18  and the estate, and the party opposing dismissal or conversion demonstrates that there is a

19  reasonable likelihood that a plan will be confirmed within a reasonable time. 11 U.S.C. §

20  1112(b)(2); *see also In re Midwest Prop. of Shawano, LLC*, 442 B.R. 278, 288 (Bankr. D.)

21

22      As noted earlier, Wells Fargo continues to make the fraudulent statement that they are the

23  largest creditor in this bankruptcy.   This is categorically untrue.   Ronald Hills is.  Mr. Moore

24  owes Mr. Hills.

25

26

27

28

The claim Wells Fargo makes is **$7,362,579.00.**  Mr. Hills supports the Disclosure Plan, as does several other creditors, Samuel Essien, and others. These creditors have an idea what is in the plan and are in agreement with Mr. Moore's ability to carry it out.   They believe Mr. Moore would be able to achieve confirmation .  In re Brooks, 488 B. R. 483.  ( Bank N.D. Ga. 2013).

## E.   THERE IS NO CAUSE TO CONVERT

Under sections the Bankruptcy Code, the moving party bears the burden of proving by clear and convincing evidence that "cause" exists for the conversion of a chapter 11 trustee or that such conversion  is in the best interests of the  estate.   Wells Fargo does not remotely satisfy this high standard.    Being declared vexatious is not "cause" to convert or dismiss a bankruptcy. Furthermore the Order declaring Mr. Moore vexatious is on appeal. And the Debtor has filed his Monthly Operating Reports and his Disclosure for his Plan.  This case is not convertible it would have to be dismissed which would be a travesty of Justice to this debtor and this estate.

The Court has continued this matter several times, and there is no addressing by the court of the adversarial actions.  The Debtor has submitted his Disclosure Plan based upon the information facts and data he has.  It has been submitted despite the interference by Wells Fargo.

There is simply no cause pursuant to 11 USC § 1112 to convert or dismiss this bankruptcy, filed in earnest pursuant to the US Bankruptcy laws.    The Debtor has filed and is current in all Monthly Operating Reports and has filed his Plan.

The Debtor sought only one extension to file his Plan,   and a part of the reasons for that is that the Court has continued hearings which are relevant to the Plan and the payments to his Creditors.   Another part of the reason is that Wells Fargo has made this matter so fraught with the intent to harm the Debtor, this estate and other creditors.

1    The facts are that the docket reveals it is Wells Fargo that has dragged this matter on.

2  Since August 2017, Wells Fargo has filed five motions in this matter, and they have been

3  continued by the Court.   The Debtor has more than one creditor, and has filed three adversarial

4  actions.  The reason the Debtor has sought to reorganize his debts is precisely because the conduct

5  of Wells Fargo, Bragg and others has made him unable to live in his home, practice his profession,

6

7  and consummate the lucrative contracts he had at his fingertips at that time.

8    **F.   A HEARING WOULD FACILITE A BETTER REORGANIZATION**

9

10    As the Debtor has maintained, Wells Fargo has impeded this entire process because of its

11  theft of property that would facilitate an effective reorganization.  Wells Fargo conspired with

12  Kimberly Martin-Bragg to steal Mr. Moore's property and the property of others.  Bragg is still

13  holding millions of dollars of assets and property. Bragg has made disputing statements about the

14  ownership of the property seized under oath.

15

16    Based upon her untruthful statements, which Wells Fargo was aware of, they seized

17  "unpledged" properties; properties of others; and family properties which remain in their hands

18  and unaccounted for.  Mr. Moore has evidence to prove this.  The California Court of appeal has

19  already ruled in this debtors favor and there is another Appeal pending. Again, this debtor will

20  prevail.

21

22    Some of this property can be used to help repay some of the debt.  It is estate property,

23

24  and this Court should set a hearing on this matter, a one day hearing to allow this proof.

25  The missing property should not be permitted to be missing and must be accounted for when it

26  would benefit the creditors.

27

28

1    After all it is the "best interests of the creditors" which is relevant here.

2

3    The point of a Chapter 11 is that it was the tool created by Congress to allow businesses to

4    continue operating if its creditors believed it could pay more by continuing to operate than if it

5    was liquidated.  In other words, the company was "worth more alive than dead."

6    Section 1129(a)(7)  Bankruptcy Code § 1129(a)(7) provides, in part:

7

8    With respect to each impaired class of claims or interests – (A) each holder of a claim or interest

9    of such class . . . (ii) will receive or retain under the plan on account of such claim or interest

10   property of a value, as of the effective date of the plan, that is not less than the amount that such

11   holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such

12   date.    This is the "best interest of creditors" test in that it is a condition that the plan provides a

13   better result than a liquidation, ergo, it is in the "best interest of creditors" for the plan to be

14   confirmed rather than liquidating the debtor.

15

16   How can a creditor acting in bad faith thwarting the effective reorganization of this estate ,

17   by keeping assets the estate and conspiring in Fraud to derail this effective and viable plan to earn

18   income to reorganize. Wells Fargo come to the court with unclean hands asking to convert the

19   bankruptcy?  Wells Fargo cannot steal property hide property, use false documents and make false

20   statements, then ask the court to allow them to move to convert a bankruptcy which by all

21   evidence is made to try to repay some of the debt. The majority of Mr. Moore's creditors oppose

22   this motion.

23

24   It is their best interests the court should protect all creditors in this estate.  They are individuals

25   that need to be repaid. The convert to Chapter will provided no repayment to any party. No

26   repayment will start a litany of litigation against this estate.

27

28

Please see attached declaration of Ivan Rene Moore: Exhibit E), Ronald Hills: (Exhibit F) and Samuel Essien: (Exhibit G) in opposition to Wells Fargo Motion to convert this estate.

## CONCLUSION

For the reasons stated, this Court should not disturb the Debtor's Disclosure Plan. This Court should also deny this motion.  It is not in the best interest of the creditors to convert this to a Chapter 7 this estate. This estate is not convertible to a Chapter 7. This estate would have to be dismissed but it should not be dismissed based on the viable plan of reorganization.

Respectfully Submitted:

December 19th 2018

Ivan Rene Moore
Debtor in Possession

1

## CERTIFICATE OF SERVICE

2

3   I hereby certify that a true and exact copy of the: **DEBTOR IN POSSESSION  IVAN RENE
MOORE'S OPPOSITION TO MOTION OF WELLS FARGO BANK, N.A. TO CONVERT**

4   **BANKRUPTCY CASE FROM CHAPTER 11 TO CHAPTER 7 DECLARATIONS IN
OPPOSITION TO WELLS FARGO MOTION TO CONVERT**

5

6

This Document has been served upon by U.S. Mail, postage prepaid, addressed to:

7

8

9                                 **SEE ATTACHED SERVICE LIST**

10

11

12   Dated: December 19th , 2018

13                                                          ―Ivan Rene Moore

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

2

3

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and I

4

am a party to the action within.  My business address is 1236 Redondo Blvd, Los Angeles,

5

California 90019.  On December 19th , 2018, I served the foregoing documents described as:

6

**DEBTOR IN POSSESSION  IVAN RENE MOORE'S OPPOSITION TO MOTION OF**
**WELLS FARGO BANK, N.A. TO CONVERT BANKRUPTCY CASE FROM CHAPTER**

7

**11 TO CHAPTER 7 DECLARATIONS IN OPPOSITION TO WELLS FARGO MOTION**
**TO CONVERT**

8

9

    I served this document on the interested parties in this action by USPS with prepaid

10

postage at the addresses as follows:

11

12

**SEE SERVICE LIST**

13

14

I declare under penalty of perjury under the laws of the State of California that the foregoing is

15

true and correct.  Executed on December 19th , 2018, at Los Angeles, California.

16

17

18

Stan Bethel

19

20

21

22

23

24

25

26

27

28

SERVICE LIST

CAB WEST LLC
C/O Randall P. Mroczynski
Cooksey, Toolen, Gage, Duffy & Wong
535 Anton Blvd, 10th FL.
Costa Mesa, CA 92626-1947

Ronald Hills for G& S Electronics
1236 Redondo Blvd
Los Angeles, California 90019

Kim Bragg
C/O Peter Lively
11268 Washington Blvd Suite 203
Culver City, California 90230-4647

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O Box 2952
Sacramento, CA  95812-2952

Mike Brooks
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Internal Revenue Service
P.O Box 7346
Philadelphia, PA 19101-7346

NKE Global/ A. C. Cotton
1976 La Cienega Suite 271
Los Angeles, California 900019-1546

L.A. County Tax Collector
Bankruptcy Unit
P.O Box 54110
Los Angeles, CA 90054-0110

Ronald Hills
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Los Angeles City Clerk
P.O Box 53200
Los Angeles, CA 90053-0200

Van Johnson
1236 Redondo Blvd.
Los Angeles, 90019-1546

Securities & Exchange Commission
44 South Flower St, Suite 900
Los Angeles, CA 90071-2934

Wells Fargo Bank
C/O Godfrey &Kahn
200 S. Washington Street, Suite 100
Green Bay, WI 54301-4298

City of Milwaukee
C/O Godfrey & Kalm
735 N Water St. Suite 1300
Milwaukee, WI 53202-4106

Ronald Hills for West Viking Studio
1236 Redondo Blvd
Los Angeles, California 90019

Department of Treasury
Internal Revenue Service
Centralized Insolvency Operation
P.O Box 7346
Philadelphia, PA 19101-7346

Franchise Tax Board
Bankruptcy Section MS A340
P.O Box 2952
Sacramento, CA 95812-2952

City of Milwaukee
P.O Box 53203
Milwaukee, WI 53203

LVNV Funding, LLC its successors and assigns
Assignee of FNBM, LLC
Resurgent Capital Services
P.O Box 10587
Greenville, SC 29603-0587

Mr. & Mrs. George Barbour
6150 Shenandoah Ave
Los Angeles, California 90056

The Guerin Law Firm
17752 Sky Park Circle #235
Irvine, California 92615
Attorney for Jerrel Jones

Assayag & Mauss
2915 Red Hills Avenue Suite 200
Costa Mesa, CA 92626
Attn: Joshua Partington Esq./Wells Fargo

A. C. Cotton
1976 La Cienega Suite 271
Los Angeles, California 900019-1546

Ronald Hills for West Viking Studio
1236 Redondo Blvd
Los Angeles, California 90019

Ronald Hills for Suti Music
1236 Redondo Blvd
Los Angeles, California 90019

Ronald Hills for West Viking Studio
1236 Redondo Blvd
Los Angeles, California 90019

Filed 9/8/17

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

> California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FIVE

COURT OF APPEAL – SECOND DIST.

# FILED

## Sep 08, 2017

JOSEPH A. LANE, Clerk

jdunn          **Deputy Clerk**

| | |
|---|---|
| IVAN RENE MOORE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> KIMBERLY MARTIN-BRAGG, <br><br> Defendant and Appellant. | B276366 <br><br> (Los Angeles County <br> Super. Ct. No. BC480013) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle R. Rosenblatt and Michael M. Johnson, Judges. Affirmed.

Ivan Rene Moore, in pro per., for Plaintiff and Respondent.

Thomasina M. Reed, The Newell Law Firm, Felton T. Newell, for Defendant and Appellant.

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number and address):* | FOR COURT USE ONLY |
|---|---|

**Ivan Rene Moore**
**1236 Redondo Blvd**
**Los Angeles, California 90019**

TELEPHONE NO. **323 932 9439**   FAX NO.
E-MAIL ADDRESS
ATTORNEY FOR *(Name):*

| ☐ ATTORNEY FOR | ☑ JUDGMENT CREDITOR | ☐ ASSIGNEE OF RECORD |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: **111 North Hills Street**
MAILING ADDRESS: **111 North Hill Street**
CITY AND ZIP CODE: **Los Angeles, California 90012**
BRANCH NAME: **Central**

PLAINTIFF: **Ivan Rene Moore**

DEFENDANT: **Leonard Lerner**

| **WRIT OF** | ☑ **EXECUTION (Money Judgment)** ☐ **POSSESSION OF** ☐ **Personal Property** ☐ **Real Property** ☐ **SALE** | CASE NUMBER: **BC 297994** |
|---|---|---|
| | ☐ Limited Civil Case ☐ Small Claims Case ☑ Unlimited Civil Case ☐ Other_____ | |

1. **To the Sheriff or Marshal of the County of:** Los Angeles
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):* Ivan Rene Moore
   is the ☑ judgment creditor ☐ assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name, type of legal entity stated in judgment if not a natural person, and last known address):*

   ┌─────────────────────────────────┐
   The Albert and Dorothy Brinhendler Trust
   3758 Coldstream Terrace
   Tarzana, California 91356
   └─────────────────────────────────┘

   ☐ Additional judgment debtors on next page

5. **Judgment entered** on *(date):*
   March 7, 2013

6. ☐ **Judgment renewed** on *(dates):*

7. **Notice of sale** under this writ
   a. ☑ has not been requested.
   b. ☐ has been requested *(see next page).*

8. ☐ Joint debtor information on next page.

9. ☐ See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.

10. ☐ This writ is issued on a sister-state judgment.

11. Total judgment . . . . . . . . . . . . . . . . . . . $ 2,000,000.00
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . $ 0.00
13. Subtotal *(add 11 and 12)* . . . . . . . $ 2,000,000.00
14. Credits . . . . . . . . . . . . . . . . . . . $ 0.00
15. Subtotal *(subtract 14 from 13)* . . . . . . $ 2,000,000.00
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees). . $ 1,121,633.18
17. Fee for issuance of writ . . . . . . . . . . . . $ 25.00
18. Total *(add 15, 16, and 17)* . . . . . . . . . $ 3,121,658.18
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)* (not on GC 6103.5 fees) of. . . . . . $ 547.94
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) . . . . . . . . . . $ 0.00

20. ☐ The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

*ORIGINAL*

[SEAL]

SHERRI R. CARTER

Issued on *(date):* NOV 0 2 2018   Clerk, by ⟨signature⟩ KELLY ENCINAS, Deputy

| NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION. |
|---|

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2012]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number and address)*: | FOR COURT USE ONLY |
|---|---|
| Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles, California 90019<br><br>TELEPHONE NO. 323 932 9439    FAX NO.<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name)*<br>☐ ATTORNEY FOR   ☑ JUDGMENT CREDITOR   ☐ ASSIGNEE OF RECORD | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 North Hills Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

PLAINTIFF: Ivan Rene Moore

DEFENDANT: Leonard Lerner

| WRIT<br>OF | ☑ EXECUTION (Money Judgment)<br>☐ POSSESSION OF  ☐ Personal Property<br>                           ☐ Real Property<br>☐ SALE | CASE NUMBER<br>BC 297994<br>☐ Limited Civil Case     ☐ Small Claims Case<br>☑ Unlimited Civil Case  ☐ Other_____ |
|---|---|---|

1.  **To the Sheriff or Marshal of the County of:** Los Angeles
    You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2.  **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3.  *(Name):* Ivan Renee Moore
    is the ☑ judgment creditor  ☐ assignee of record  whose address is shown on this form above the court's name.

4.  **Judgment debtor** *(name, type of legal entity stated in judgment if not a natural person, and last known address):*
    ┌─────────────────────────────┐
    Leonard Lerner Successor Trustee of The Albert
    and Dorothy Brinhendler Trust
    3758 Coldstream Terrace
    Tarzana, California 91356
    └─────────────────────────────┘

    ☐ Additional judgment debtors on next page

5.  **Judgment entered** on *(date)*
    April 8, 2016

6.  ☐ **Judgment renewed** on *(dates):*

7.  **Notice of sale** under this writ
    a. ☑ has not been requested.
    b. ☐ has been requested *(see next page)*.

8.  ☐ Joint debtor information on next page.

    [SEAL]

9.  ☐ See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. ☐ This writ is issued on a sister-state judgment.
11. Total judgment . . . . . . . . . . . . . . . . . . $ 2,000,000.00
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . $ 0.00
13. Subtotal (add 11 and 12) . . . . . . . . $ 2,000,000.00
14. Credits . . . . . . . . . . . . . . . . . . . $ 0.00
15. Subtotal (subtract 14 from 13) . . . . . . $ 2,000,000.00
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees). . $ 504,652.74
17. Fee for issuance of writ . . . . . . . . . . . $ 25.00
18. Total (add 15, 16, and 17) . . . . . . . . $ 2,504,677.74
19. Levying officer:
    (a) Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) of. . . . . . $ 547.94
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) . . . . . . . . . $ 0.00
20. ☐ The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

*ORIGINAL*

SHERRI R. CARTER

Issued on *(date)* NOV 0 2 2018    Clerk, by _____ KELLY ENCINOS , Deputy

NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2012]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code § 6103.5
www.courts.ca.gov

Filed 12/22/08  Moore v. Lerner CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

IVAN RENE MOORE,

        Plaintiff and Appellant,

        v.

LEONARD LERNER, as Trustee, etc., et al.,

        Defendants and Respondents.

B193358

(Los Angeles County
Super. Ct. No. BC297994)

        APPEAL from a judgment of the Superior Court of Los Angeles County. David L. Minning, Judge.  Reversed.

        Ivan Rene Moore, in pro. per., for Plaintiff and Appellant.

        Lerner & Weiss, Leonard D. Lerner and Jacob Kalinski for Defendants and Respondents.

**DECLARATION OF IVAN RENE MOORE IN OPPOSITION TO**

**MOTION TO CONVERT OR DISMISS BY WELLS FARGO BANK**

I, Ivan Rene Moore, declare and state as follows:

1. I am the Debtor and the Debtor-In-Possession in the above-referenced Chapter 11 case. I am over 18 years of age.  Except when based on information and belief, I make this Declaration based on the facts within my personal knowledge and if called as a witness could and would testify thereto.

2. On August 3, 2017, I filed the above case under Chapter 11   ("Petition Date").    I am a radio station owner, songwriter, and music producer.   My income is from my profession prior to and during this filing.    Some of the income I earned during this time was deposited in my Debtor in Possession ("DIP Account") account, and the remainder was used for expenses as reported in my Monthly Operating Reports. ("MOR") .

3.       I sought bankruptcy protection because I had debts which I was unable to pay because I could not collect monies owed to me by third parties from Judgements, and operate my business based upon the fraudulent and wrongful conduct of Kimberly Martin-Bragg. ("Bragg"). One of my creditors, Wells Fargo Bank, has perpetrated a fraud, and stolen millions of dollars of my assets which are still unaccounted for, and the property of others.   They have and have wrongfully taken properties for which they have no right.   They have taken property of others that I was holding for others, and conspired with refused and still refuses to negotiate the Judgment they hold, or to entertain any offer I have made.

4. The Wells Fargo judgment will be voided because it was procured by Fraud and forged documents.

5. There is a pending Appeal in California Court of Appeal Moore v Bragg B272445.

6. Once that Appeal is resolved in this debtors favor Wells Fargo and Braggs Fraud will be uncovered and therefore Wells Fargo's judgment will be void as a matter of law.

7. This Court should be aware that the Appellee Bragg in that action after over 6 months of extensions willfully failed to file her reply brief in that appeal.

8. Appellee Bragg failure to file her reply brief in that appeal which will seal Bragg's and Wells Fargo's Fraud and ongoing fraud.

IDOCS:

9. This debtor has already prevailed against Bragg in her erroneous Appeal in Moore v Bragg B276366.

10. This final Appeal in Moore v Bragg B272445 will bring Bragg's and Wells Fargo's Fraud and conspiracy to commit Fraud to light. Both parties will be at the end of their respective fraudulent ropes.

11. This Court should also be aware that the Judgment from the Lerners is presently at over $5,717,355.00.

12. The largest creditor in this estate Hills who owns this judgment has agreed to allow this debtor and this estate to use this judgment to reorganize this estate. This will further assist this debtor plan of reorganization of this estate.

13. This court should be aware that there is also a Judgment affirmed by the California Court of Appeal against Bragg for over $4,547,980.65 in favor of this debtor.

14. This debtor will be able to collect about 60% of this judgment given the financial information that has been uncovered by this debtor regarding Bragg finances and assets.

15. This debtor is working with an investor and a term sheet has been issued regarding the funding of this estate.

16. There are various banking lenders that will lend 4 time of the cash that can be borrowed against these judgments. For the acquisition of viable income producing assets which that are many available to this debtor.

17.    In 2011, I was evicted from my home, by another one of my Debtors, and all my possessions, including a sophisticated music recording and producing studio with multimillion dollar equipment was wrongfully kept by my Debtor, Kimberly Martin-Bragg aka Barbour. ("Bragg") and others.

18. I have been embroiled in litigation with Bragg since then, having won an appeal and having won a Judgment of $5,650,000.00 against her in my favor.  Nonetheless, Bragg has filed bankruptcy twice, to avoid any payment to me.

19. Bragg wrongfully allowed Wells Fargo to steal all of my property in my home. They did so in violation of a court order, and have and still refuse to account for any of it. t I am in adversary litigation with both Bragg and Wells Fargo in my Chapter 11.

20. I will have filed my Disclosure Plan prior to this hearing on 1/8/2019.   It details my ability to make repayments under the information and data I currently have.

21.    I have filed all of the Monthly Operating Reports and am current on all matters with except for the last 2 which will be filed prior to this hearing.

22.    The debtor has filed and responded to over 7 or more  9th Circuit Appeals and appeal reply brief

23. This debtor has been involved in State Court motions and State Court trials

24. This debtor has been involved in his due diligent with investors regarding this estates plan of reorganization of this Estate.

25. This Debtor has been reviewing and negotiation of Term Sheets with investors.

26. This debtor also been also maintaining his employment obligations with his various clients.

27. In no way has this debtor been cavalier regarding this debtor's obligations and responsibilities to this estate.

28.    I have been careful and accurate as the Debtor in possession.

29. I have been in communication with some of my Creditors, including Ronald Hills, who is my largest creditor.   I have asked for him to review my Disclosure Plan and he is in agreement with what I have proposed.   He is familiar with my intentions and ability to execute and carry on the plan. .

30. I have been in communication with other Creditors and my main creditors who also support my Disclosure Plan.

31. I object to the conversion of this estate to a Chapter 7

32. This Estate would have to be dismissed.

33. This debtor would dismiss that Chapter 11 action if a viable plan of reorganization could not produce a viable confirmable plan.

34. Based on the foregoing I respectfully request that Wells Fargo's motion should be denied.

Executed this 19th day of December, 2018, at Woodland Hills,  California.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____

IVAN RENE MOORE

## DECLARATION OF IVAN RENE MOORE IN OPPOSITION TO

## MOTION TO CONVERT OR DISMISS BY WELLS FARGO BANK

I, Ivan Rene Moore, declare and state as follows:

1. I am the Debtor and the Debtor-In-Possession in the above-referenced Chapter 11 case. I am over 18 years of age. Except when based on information and belief, I make this Declaration based on the facts within my personal knowledge and if called as a witness could and would testify thereto.

2. On August 3, 2017, I filed the above case under Chapter 11 ("Petition Date"). I am a radio station owner, songwriter, and music producer. My income is from my profession prior to and during this filing. Some of the income I earned during this time was deposited in my Debtor in Possession ("DIP Account") account, and the remainder was used for expenses as reported in my Monthly Operating Reports. ("MOR").

3. I sought bankruptcy protection because I had debts which I was unable to pay because I could not collect monies owed to me by third parties from Judgements, and operate my business based upon the fraudulent and wrongful conduct of Kimberly Martin-Bragg. ("Bragg"). One of my creditors, Wells Fargo Bank, has perpetrated a fraud, and stolen millions of dollars of my assets which are still unaccounted for, and the property of others. They have and have wrongfully taken properties for which they have no right. They have taken property of others that I was holding for others, and conspired with refused and still refuses to negotiate the Judgment they hold, or to entertain any offer I have made.

4. The Wells Fargo judgment will be voided because it was procured by Fraud and forged documents.

5. There is a pending Appeal in California Court of Appeal Moore v Bragg B272445.

6. Once that Appeal is resolved in this debtors favor Wells Fargo and Braggs Fraud will be uncovered and therefore Wells Fargo's judgment will be void as a matter of law.

7. This Court should be aware that the Appellee Bragg in that action after over 6 months of extensions willfully failed to file her reply brief in that appeal.

8. Appellee Bragg failure to file her reply brief in that appeal which will seal Bragg's and Wells Fargo's Fraud and ongoing fraud.

IDOCS:

9. This debtor has already prevailed against Bragg in her erroneous Appeal in Moore v Bragg B276366.

10. This final Appeal in Moore v Bragg B272445 will bring Bragg's and Wells Fargo's Fraud and conspiracy to commit Fraud to light. Both parties will be at the end of their respective fraudulent ropes.

11. This Court should also be aware that the Judgment from the Lerners is presently at over $5,717,355.00.

12. The largest creditor in this estate Hills who owns this judgment has agreed to allow this debtor and this estate to use this judgment to reorganize this estate. This will further assist this debtor plan of reorganization of this estate.

13. This court should be aware that there is also a Judgment affirmed by the California Court of Appeal against Bragg for over $4,547,980.65 in favor of this debtor.

14. This debtor will be able to collect about 60% of this judgment given the financial information that has been uncovered by this debtor regarding Bragg finances and assets.

15. This debtor is working with an investor and a term sheet has been issued regarding the funding of this estate.

16. There are various banking lenders that will lend 4 time of the cash that can be borrowed against these judgments. For the acquisition of viable income producing assets which that are many available to this debtor.

17. In 2011, I was evicted from my home, by another one of my Debtors, and all my possessions, including a sophisticated music recording and producing studio with multimillion dollar equipment was wrongfully kept by my Debtor, Kimberly Martin-Bragg aka Barbour. ("Bragg") and others.

18. I have been embroiled in litigation with Bragg since then, having won an appeal and having won a Judgment of $5,650,000.00 against her in my favor. Nonetheless, Bragg has filed bankruptcy twice, to avoid any payment to me.

19. Bragg wrongfully allowed Wells Fargo to steal all of my property in my home. They did so in violation of a court order, and have and still refuse to account for any of it. t I am in adversary litigation with both Bragg and Wells Fargo in my Chapter 11.

20. I will have filed my Disclosure Plan prior to this hearing on 1/8/2019. It details my ability to make repayments under the information and data I currently have.

21.    I have filed all of the Monthly Operating Reports and am current on all matters with except for the last 2 which will be filed prior to this hearing.

22.    The debtor has filed and responded to over 7 or more  9th Circuit Appeals and appeal reply brief

23. This debtor has been involved in State Court motions and State Court trials

24. This debtor has been involved in his due diligent with investors regarding this estates plan of reorganization of this Estate.

25. This Debtor has been reviewing and negotiation of Term Sheets with investors.

26. This debtor also been also maintaining his employment obligations with his various clients.

27. In no way has this debtor been cavalier regarding this debtor's obligations and responsibilities to this estate.

28.    I have been careful and accurate as the Debtor in possession.

29.  I have been in communication with some of my Creditors, including Ronald Hills, who is my largest creditor.   I have asked for him to review my Disclosure Plan and he is in agreement with what I have proposed.   He is familiar with my intentions and ability to execute and carry on the plan. .

30.  I have been in communication with other Creditors and my main creditors who also support my Disclosure Plan.

31. I object to the conversion of this estate to a Chapter 7

32. This Estate would have to be dismissed.

33. This debtor would dismiss that Chapter 11 action if a viable plan of reorganization could not produce a viable confirmable plan.

34. Based on the foregoing I respectfully request that Wells Fargo's motion should be denied.

Executed this 19th day of December, 2018, at Woodland Hills, California.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



IVAN RENE MOORE

# DECLARATION OF RONALD HILLS

I Ronald Hills, declare as follows:

I am the largest creditor to whom Mr. Moore owes the most debt and have personal knowledge of the following facts, and if called to testify I could and would testify to the following.

1.      I have known Mr. Moore for over thirty years. I know how he has been forced to file bankruptcy, through no fault of his own.

2.      We are in communication on at least a weekly or biweekly basis.

3.      I am aware he has worked diligently on creating a plan to repay his creditors. I am in agreement with the documentation and what I have seen in the and regarding his Disclosure and Plan.

4.      We have spoken about the projects he has been working on. I am familiar with these various types of projects.

5.       I am very familiar with his high degree of competence, accolades and years of experience, in the music production and radio business of this debtor.

6.      I have worked with him in the music business for many years.

7.      I know and believe that Mr. Moore will work very hard to keep to the repayment Plan he has filed, and that he will have the ability to carry out his obligations.

8.      I know the Wells Fargo documentation was located at the 6150 Shenandaoh property and the documentation would have proved Wells Fargo and Bragg fraud with regard to the credit facility Mr. Moore obtained from Wachovia.

9.      I have instituted my own action against Wells Fargo for the fraud they pursued to obtain my personal property.

10.      Wells Fargo has steadfastly lied, cheated and stole properties that belonged to me, knowing they were mine and others in use at Mr. Moore's home when he was wrongfully evicted.

11.      I object to any dismissal or conversion of Mr. Moore's Chapter 11.

12.      I object to the representations of Wells Fargo.

13.      Wells Fargo is not the largest creditor as they have represented.

14.    Mr. Moore has met his filing obligations with the court.

15.    It is certainly not in my best interest to convert this to a Chapter 7, or to dismiss this action.

16.    Repayment is what is in my best interest and the best interest of the creditors involved.

17.    I personally own the Lerner judgments and have since inception based on a written agreement.

18.    I have agreed to allow Mr. Moore to use the Lerner Judgments as long as there are use to reorganize this estate and for no other reasons.

19.    I have been in many conversations with this debtor regarding the various investors that will lend agasint the judgments.

20.    I am very confident that the Plan of reorganazation the debtor is proffering in viable and fundable.

21.    In the past year I have personally seen the debtor do much more with a lot less regarding his ability to rasie capitol for busniess endevors.


    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        Dated:  December 19th , 2018

                                        Ronald Hills

# DECLARATION OF SAMUEL ESSEIN

I Samuel Essein, declare as follows:

  I am a creditor of Mr. Moore's and have personal knowledge of the foregoing and if called to testify I would testify as follows.

1.  I have known Mr. Moore for many years.

2.  We are in communication on at least a weekly or bi-weekly basis.

3.  I am aware he has worked diligently on creating a plan to repay his creditors.  I am in agreement with what I have seen regarding his Disclosure and Plan.

4.  I have worked with Mr. Moore for a few years.

5.  I am very familiar with his skills in the music production business.

6.  I know Mr. Moore to be a very dedicated and hard-working professional.

7.  I believe that Mr. Moore will work very hard to keep to the repayment Plan.  He accomplishes his goals and I admire him tremendously.

8.  It is not in my best interest to convert this bankruptcy to a Chapter 7, or to dismiss the bankruptcy.

9.  I know the lawyer for Wells Fargo Mr. Joshua K. Partington (Bar No. 275939) to be very untruthful. I testified in two prior actions that my property was at Mr. Moore's home when he was evicted.

10.  The property was my personal property and no person and entity had any right to take my property.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  Dated:  December 19th , 2018

_____
SAMUEL ESSEIN